O. P. P. HOLDING CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60674.   Promulgated April 10, 1934.

*Louis A. Gravelle*, *Esq.*, and *A. Loeb Salkin*, *Esq.*, for the petitioner.

*John D. Kiley*, *Esq.*, for the respondent.

#### OPINION.

MATTHEWS: This proceeding is for the redetermination of a deficiency in income tax asserted against the petitioner for the fiscal year ended July 31, 1930, in the amount of $2,664.18. It is alleged in the petition that the respondent erred in failing to allow as a deduction for the taxable year interest paid on debenture bonds in the sum of $20,000. The notice of deficiency discloses that the deduction claimed by the petitioner was disallowed by the respondent for the reason that " this item represents a dividend and not deductible interest paid on bonds which were more of the nature of preferred stock and hence did not constitute indebtedness."

The case was submitted upon an agreed statement of facts which we adopt as our findings of fact, and we set out here only those necessary to an understanding of the issue presented.

The petitioner is a corporation, organized under the laws of the State of New York on June 20, 1929, with its principal office in Brooklyn, New York. Its certificate of incorporation shows that its authorized capital stock was limited to $20,000, consisting of 2,000 shares of common stock of the par value of $10 each.

Among the purposes for which it was formed are: (a) To purchase and sell stocks, bonds, and other securities of corporations; (b) to purchase or otherwise acquire the business, good will, and property of any other corporation; (c) to borrow money, contract debts, and issue and dispose of its obligations.

On June 25, 1929, the owners of all the outstanding capital stock, being 1,000 shares of common stock having a par value of $100 each, of Oneida Paper Products, Inc., a New York corporation, sold to the petitioner all the common stock of Oneida Paper Products, Inc., in consideration of the delivery to them by the petitioner of 1,000 shares of the common stock of the petitioner corporation and $250,-000 in amount of petitioner's 8 percent debenture bonds dated as of July 1, 1929, and maturing June 30, 1954.

The book value of the 1,000 shares of common stock of Oneida Paper Products, Inc., as shown by its balance sheet dated July 31, 1929, was $129,785.51. The figures shown in this balance sheet with respect to the plant and equipment represented the cost figures, and the statement of assets did not include anything for good will or other intangibles.

The net sales, net income, and compensation of officers of Oneida Paper Products, Inc., for the 11 months ended July 31, 1927, and for the years ended July 31, 1928, 1929, and 1930, were as follows:

|  | Net sales | Net income | Compensation of officers |
|---|---|---|---|
| 11 months ended July 31, 1927 | $155, 756. 18 | 1 $13, 483. 40 | $20, 416. 60 |
| Year ended July 31, 1928 | 425, 128. 81 | 17, 421. 77 | 38, 374. 91 |
| Year ended July 31, 1929 | 438, 785. 97 | 26, 021. 85 | 37, 500. 00 |
| Year ended July 31, 1930 | 456, 150. 07 | 25, 497. 29 | 37, 500. 00 |

1 Loss.

After the consummation of the purchase by the petitioner of all the capital stock of Oneida Paper Products, Inc., the balance sheet of the petitioner was as follows:

ASSETS

Stock of affiliated company (1,000 shares of Oneida Paper Products, Inc.) _____ $260, 000

Total Assets_____ 260, 000

LIABILITIES

Notes payable and bonds payable_____ $250,000
Capital _____ 10,000
                                                                 ———————
    Total liabilities and capital_____ 260,000

The debenture bonds in the sum of $250,000 have at all times been set up and recorded in the books and records of the petitioner as "Notes Payable and Bonds Payable, $250,000," distinct and apart from its outstanding capital stock of 1,000 shares of common stock having a par value of $10 each, and the payments on the debenture bonds were at all times recorded in the books as "Interest."

During the period August 1, 1929, to July 31, 1930, Oneida Paper Products, Inc., declared a dividend in the sum of $20,000 upon its outstanding common stock and paid the same to the petitioner.

The petitioner maintains its books and records on the accrual basis, with its fiscal year ending on July 31.

For the fiscal year ended July 31, 1930, the petitioner filed a corporation income tax return upon Form 1120–A, consolidating the return of the petitioner corporation and its wholly owned operating corporation, Oneida Paper Products, Inc. Included in the gross expense shown on this return was the sum of $20,000, which the petitioner paid during the taxable year to the holders of the debenture bonds. The respondent disallowed the deduction from gross income of this amount on the theory that it represented dividends on preferred stock instead of interest paid on indebtedness.

The instrument reads in part as follows:

No. ———                                                         $———

O. P. P. HOLDING CORPORATION
8% Debenture Bonds

O. P. P. Holding Corporation, a corporation organized and existing under the laws of the State of New York, (hereinafter called the corporation), for value received hereby promises to pay to ——————— or registered assigns, the sum of ——————— dollars, on June 30, 1954 at the office of the corporation in the City of New York, New York and until the principal hereof shall be payable, to pay interest on the said principal amount from July 1, 1929 at the rate of eight per centum (8%) per annum, by equal semi-annual payments, on the 1st day of January and July in each year, such interest to be payable to the registered owner hereof at the office aforesaid or by mail to the registered address of the owner hereof.

This debenture bond is one of a duly authorized issue of debenture bonds of the corporation, fully registered, of like date, tenor and effect, except as to the denomination, known as its 8% debenture bonds, limited to an amount not exceeding, in the aggregate, the principal sum of Two Hundred and Fifty Thousand ($250,000) Dollars.

    *       *       *       *       *       *       *

2. This debenture bond and all debenture bonds of this issue are subject in all respects and subordinate, both as to principal and interest, to the claims of

all creditors of the corporation, and upon dissolution or liquidation of the corporation no payment shall be due or payable upon this debenture bond unless and until all other creditors of the corporation shall have been paid in full.

3. Interest on the debenture bonds of this issue may, at the option of the corporation, be deferred or suspended without limit of time and may be paid at the option of the corporation, in whole or in part, in cash or in interest bearing debenture bonds of the corporation, but such suspension of payment shall in no wise relieve the corporation of the obligation to pay the same at some future time. The corporation covenants, however, that it will pay no dividends upon any issue of stock of the corporation unless all interest on the debenture bonds shall have been paid in full, and it shall have redeemed or paid in full any debenture bonds or other obligations previously issued in payment of interest on the debenture bonds of this issue.

4. No holder of this debenture bond shall have any right to institute any suit, action or proceeding in equity or at law upon this debenture bond, unless the holders of seventy-five per centum (75%) in amount of all debenture bonds of this issue join in such suit, action or proceeding.

5. Upon the consent in writing or at a meeting called for this purpose, by the holders of two-thirds (⅔) in amount of the outstanding debenture bonds of this issue, the time of payment of the bonds of this issue may be extended and any such change or extensions so authorized or so consented to shall be as valid and as binding upon the holders of all the debenture bonds of this issue as if originally incorporated herein.

6. After first paying or providing for the payment of all other creditors of the corporation, the corporation may redeem the debenture bonds of this issue at par and accrued interest, on any interest date, in whole or in part, and if in part, then pro rata at any time on not less than thirty days' prior notice given to each registered owner, in such manner as the board of directors may authorize. * * *

It is the generally accepted rule that the name given to the instrument is not conclusive of its character and that inquiry may be made as to its real character, but it is not lightly to be assumed that parties have given an erroneous name to their transaction. *Leasehold Bldg. Co.*, 3 B.T.A. 1129; *Kentucky River Coal Corp.*, 3 B.T.A. 644. Its true nature will be determined by looking to its terms and its legal effect. *I. Unterberg & Co.*, 2 B.T.A. 274.

It is fundamental that the debenture bonds cannot be both evidences of indebtedness and stock. Their holders must be either creditors *or* stockholders. *Bolinger-Franklin Lumber Co.*, 7 B.T.A. 402. A creditor of a corporation is one who has advanced to it money or its equivalent, usually for compensation or interest, at a fixed rate, to be repaid at a designated time or in a designated manner. The stockholder has hope or expectation of receiving income or profit from the operations of the company. The creditor is confined to a return of principal and interest and is not entitled to share in additional assets as a coowner of the business. Ordinarily, dividends on stock are payable only from the net earnings of the corporation, but creditors may resort to the body of their debtor's property for interest as well as principal. *Warren v. King*, 108 U.S. 389.

In the case of *In re Fechheimer Fishel Co.*, 212 Fed. 357, the certificates were designated on their face as debenture bonds. These so-called bonds prescribed a certain date of payment, and a certain amount of interest, but also contained a provision that the interest should be paid out of earnings and that all of these instruments should be subordinated to the claims of creditors. They further provided that, upon liquidation or dissolution of the company, the holders of the bonds should, after payment of debts, be entitled to the residue of the company's assets. In reaching the conclusion that the instruments in question were shares of stock, the court said:

The distinguishing feature of a bond is that it is an obligation to pay a fixed sum of money with stated interest. The distinguishing feature of stock is that it confers upon its holder a part ownership of the assets of the corporation and gives him a right to participate in the management of the corporation and to share in the surplus profits and on dissolution to share in the assets which remain after the debts are paid.

In the instant case there is nothing in the instrument to make the holder thereof a stockholder. It is true that the debenture bonds are subordinate to the claims of all creditors of the corporation, but this does not mean that the holder of a debenture bond is not also a creditor. There is no provision that interest on these bonds shall be paid out of the net earnings of the corporation. On the other hand, the bonds possess the true characteristics of an evidence of indebtedness, which are: A definite obligor; a definite obligee; a definitely ascertainable obligation; a time of maturity, either definite or that will become definite. *Northern Fire Apparatus Co.*, 11 B.T.A. 355, 360. In other words, the holders of these debenture bonds would seem to have enforceable evidences of indebtedness, ahead of which would come the claims of general creditors, but which must be satisfied before any distribution of assets is made to stockholders in liquidation. *H. R. DeMilt Co.*, 7 B.T.A. 7.

We hold, therefore, that the instruments in controversy are certificates of indebtedness and that the amount of $20,000 which the petitioner paid during the taxable year to the holders thereof as interest is a legal deduction from gross income. Cf. *Angelus Bldg. & Investment Co.*, 20 B.T.A. 667; affd., 57 Fed. (2d) 130; certiorari denied, 286 U.S. 562; *Elko Lamoille Power Co.*, 21 B.T.A. 291; affd., 50 Fed. (2d) 595; *Kentucky River Coal Corp. v. Lucas*, 51 Fed. (2d) 586.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*

BLACK and SEAWELL dissent.