ZIMMERMAN STEEL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 103784.    Promulgated December 17, 1941.

*Charles Blair, Esq., L. S. Davis, C. P. A.,* and *L. S. Murchie, C. P. A.,* for the petitioner.

*Angus R. Shannon, Jr., Esq.,* for the respondent.

**OPINION.**

ARNOLD: The respondent disallowed the deduction of accrued interest taken by petitioner in 1936 and 1937. His reason for so doing,

as stated in the statement attached to the deficiency notice, was that there was no reasonable expectancy in 1936 and 1937 that the accrued interest would be paid by petitioner.

The petitioner contends on brief that the absence of reasonable expectancy of payment is an affirmative defense, and, not having been pleaded by respondent, he can not avail himself of such defense.

In the petition it is alleged that the respondent erroneously failed to allow proper deduction from gross income for 1936 and 1937 interest accrued on notes and advances payable to the Bettendorf Co. The respondent denied error in this respect. The issue is petitioner's right to the interest deduction. The burden of pleading and proof to establish its right to the deduction claimed is upon the petitioner. *Brown* v. *Helvering*, 291 U. S. 193; *Welch* v. *Helvering*, 290 U. S. 111; *Burnet* v. *Houston*, 283 U. S. 223. The reasons given by the respondent for his action "do not constitute or confine the issues." *James P. Gossett*, 22 B. T. A. 1279, 1284; affd., 59 Fed. (2d) 365; rehearing denied, 60 Fed. (2d) 484; *John I. Chipley*, 25 B. T. A. 1103; *Standard Oil Co.*, 43 B. T. A. 973 (on appeal, C. C. A., 7th Cir.).

At the hearing counsel for petitioner in his opening remarks stated in part that it was the position of petitioner (1) that even if there was no reasonable expectancy of paying the interest, it would still be deductible because the petitioner was on an accrual basis and (2) that the petitioner denied that there was no reasonable expectancy that the interest would be paid. A stipulation of facts was entered into. In addition, counsel for petitioner adduced oral testimony bearing particularly on the question of whether there was a probability that the interest would be paid. No question was raised by the petitioner at the hearing as to any defects in pleading on the part of the respondent. Obviously, the petitioner had been fully and completely advised prior to the hearing as to respondent's reason for. the disallowance of the interest deduction. · It can claim no detriment to its cause on that score.

Section 23 of the Revenue Act of 1936, in so far as applicable herein, provides that in computing net income there shall be allowed as a deduction "All interest paid or accrued within the taxable year on indebtedness." If accounts are kept on an accrual basis, a deduction is to be taken in the year in which it is incurred, although payment is not presently due and although the amount has not been definitely ascertained. *Brown* v. *Helvering*, 291 U. S. 193. The books of petitioner were kept on an accrual basis. The Bettendorf Co. made various cash advances to petitioner over a period of many years. The amounts of such advances remaining unpaid each

year from 1923 to 1937, inclusive, together with the interest due thereon, are set forth in our findings of fact.

The interest for 1936 and 1937 on such advances was $46,954.17 and $49,301.90, respectively, and these amounts were entered on the books of petitioner as accrued interest payable. There is no dispute about these facts. They were stipulated. Apparently the respondent does not question the legal liability of petitioner to the Bettendorf Co. for the advances and interest thereon or the amount of the obligation, or that petitioner kept its books on an accrual basis and was therefore entitled to make its returns on that basis. He contends, however, that the right to accrue an expense carries with it an expectation that it will be paid, and that the petitioner is not entitled to deduct the interest to arrive at net income, since it failed to show that during 1936 and 1937 there was a reasonable expectancy that the interest would or could be paid. In *Helvering* v. *Russian Finance & Construction Corporation*, 77 Fed. (2d) 324, the court stated:

The basis of the accrual system of accounting is that obligations incurred in the normal course of business will be discharged in due course. *United States* v. *American Can Co.*, 280 U. S. 412 * * *. This is a necessary assumption. . * * * When books are kept on an accrual basis, a presently existing obligation which, in the normal course of events, the taxpayer is justified in believing he must fulfill, may be accrued. [Emphasis supplied.]

As to income items a similar rule is applied. The rule is that a taxpayer on an accrual basis is not required to report as income in his return an amount which he may never receive. In *Corn Exchange Bank* v. *United States*, 37 Fed. (2d) 34, it is stated:

* * * A taxpayer, even though keeping his books upon an accrual basis, should not be required to pay a tax on an accrued income unless it is good and collectible, and, where it is of doubtful collectibility or it is reasonably certain it will not be collected, it would be an injustice to the taxpayer to insist upon taxation.

To the same effect are *Commissioner* v. *Brown*, 54.Fed. (2d) 563; *American Central Utilities Co.*, 36 B. T. A. 688; *American Fork & Hoe Co.*, 33 B. T. A. 1139; *Atlantic Coast Line Railroad Co.*, 31 B. T. A. 730; affd., 81 Fed. (2d) 309; certiorari denied, 298 U. S. 656. Principles pertaining to the accrual of income should also be applied to deductions. See Paul and Mertens, Law of Federal Income Taxation, § 11.75.

This rule was relied upon by the Bettendorf Co. and it did not accrue on its books or report the accrued interest payable to it from the petitioner as income in 1936 and 1937. It may be pointed out that the Bettendorf Co. relied upon the same rule for 1929 and 1930, claiming that the interest for such years was not reportable

as taxable income because uncollectible. The Board as to those years on the facts presented held otherwise. *Bettendorf Co.*, 34 B. T. A. 72. E. J. Bettendorf was president of both companies and he .and his brother owned a majority of the common stock of both. As president of the Bettendorf Co. he testified that, although the payment of the interest had not been forgiven, it was not accrued on the company's books "because there was some doubt whether the full realization of the debt would be achieved." As president of petitioner he testified that he entertained hopes that it would be able to pay the debt some day. It seems to us that in view of the evidence such hope or expectation of the payment of the debt and especially the accrued interest in 1936 and 1937 was founded on wishful thinking rather than on fact. From 1923 to 1937, inclusive, except 1928, 1929, and 1930, the petitioner operated at a loss each year as disclosed by its books. In 1935 the liabilities of petitioner (other than stock liability) exceeded its assets by the amount of $133,807.57. This excess of liabilities over assets increased in 1936 and 1937, in which latter year· the excess was over $193,000. At the end of 1935 the total indebtedness to the Bettendorf Co. amounted to $835,229.90, whereas the total assets as shown in petitioner's balance sheets amounted to only $778,911.91. At the end of 1935 its total liabilities, other than stock liability, were $912,719.48. At the end of 1936 the total indebtedness to Bettendorf Co. was $882,-185.07 and the total assets were $765,766.91. At the end of 1937 the total indebtedness to Bettendorf Co. was $931,485.97, whereas the total assets were $780,501.08. Its total liabilities at the end of 1936 and 1937, other than stock liability, were $944,113.50 and $973,688.04, respectively. The petitioner is still operating, but whether it operated at a profit or a loss in 1938 to 1940, inclusive, does not appear from the evidence. Apparently it had no surplus funds, since the last payment on the indebtedness was made by petitioner during 1929. E. J. Bettendorf testified that the petitioner's books of account showed a profit of $40,792.77 for the first four months of 1941 before deduction of Federal taxes. The showing of a profit in the first quarter of 1941 is no positive indication that the petitioner's operations for that year will result in a profit for the year or that it can or will actually pay any part of its indebtedness. Bettendorf also testified that during the first four months of 1941 the petitioner operated at full capacity and that $24,000 of its sales represented purchases from the Bettendorf Co. If it then operated at capacity its profits will probably not increase substantially. Payments, if any, which might be made in 1941 by petitioner would undoubtedly be applied by the. Bettendorf Co. to the indebtedness accrued on its books in years prior to 1936 and 1937. The evidence does not, in our opinion, justify a belief that

the interest accrued in 1936 and 1937 would ever be paid and certainly not in due course. Undoubtedly accounting practice required that the petitioner enter its liabilities on its books of account and show them in its balance sheets in order to reflect clearly and fairly its financial status. We are not, however, concerned herein with accounting practice. The question is petitioner's right to the deduction claimed, which is governed by a Federal revenue statute. There is no inconsistency in the determination of the respondent that petitioner had taxable income and his claim that it had no expectancy of paying the interest accrued in 1936 and 1937. Unless its assets were worth substantially more than shown on its books of account, its assets, plus the income determined by the respondent were substantially less than the amount of its total liabilities at the end of 1935.

Furthermore, it appears that beginning in 1927 the Bettendorf Co. accepted each year a note for $1 for the amount entered instead of renewal notes showing both the advances and accrued interest thereon, and in 1936 and 1937 did not accrue any interest on its books. These facts strongly indicate a forgiveness of the interest on the part of the Bettendorf Co., notwithstanding the statement of its president to the contrary. Under all the facts and circumstances it is our opinion that the interest accrued on the books of petitioner for 1936 and 1937 in the respective amounts of $46,954.17 and $49,301.90 was not properly deductible within the meaning of section 23 of the Revenue Act of 1936, since there was no reasonable expectation of such obligation being discharged in the normal course of business. Cf. *Lamm Lumber Co.*, 45 B. T. A. 1.

In *Panhandle Refining Co.*, 45 B. T. A. 651, which also involved the right to interest deductions for 1936 and 1937 by debtor taxpayer engaged in the oil business, payments in large amounts on the indebtedness had been made by taxpayer to its creditor each year from 1919 to the close of 1937, the creditor accrued the interest on its books as income, the condition of taxpayer's business was improving, its properties had doubled in value by 1936, increased in value in 1937, and at the time of hearing were in still better condition and of greater value, and its potential earnings were curtailed by proration or a limitation on production then in effect. As therein stated there was obviously no uncertainty as to payment. The case is therefore distinguishable.

The action of respondent in disallowing the items as deductions in 1936 and 1937, respectively, is therefore approved.

Reviewed by the Board.

*Decision will be entered for the respondent.*

SMITH, LEECH, DISNEY, and KERN dissent.