## ZIMMERMAN STEEL CO. et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 12291.

Circuit Court of Appeals, Eighth Circuit.

Oct. 19, 1942.

Charles Blair, of Davenport, Iowa (Walter M. Balluff, Balluff, Harbeck & LeGrand, and Cook, MacLaughlin & Blair, all of Davenport, Iowa, on the brief), for petitioners.

Mamie S. Price, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before GARDNER, WOODROUGH and RIDDICK, Circuit Judges.

WOODROUGH, Circuit Judge.

The petitioning taxpayer (which is now in bankruptcy) seeks review of a decision of the Board of Tax Appeals sustaining the Commissioner's deficiency assessments for the tax years 1936 and 1937, based upon the refusal of the Commissioner to allow the taxpayer deductions which it claimed on account of interest accrued upon its debt for those years as shown on its books kept on the accrual basis. The findings of fact made by the Board appear with the Board's opinion, reported 45 B.T.A. 1041.

The Board based its decision that the interest upon the taxpayer's debt accruing during the tax years in question was not deductible under Revenue Act of 1936, c. 690, 49 Stat. 1648, § 23 (b), 26 U.S.C.A. Int.Rev.Code § 23 (b), upon the finding, which it deduced from the circumstances, that "There was no reasonable probability that such interest [shown as accrued items on the taxpayer's books] would ever be paid." It observed that "the rule is that a taxpayer on an accrual basis is not required to report as income in his return an amount which he may never receive", and stating that "principles pertaining to the accrual of income should also be applied to deductions", it reached the conclusion that the obligations of the taxpayer to pay interest on its debt could not be deducted as "interest * * * accrued within the taxable year on indebtedness" within the intendment of the statute, supra. The taxpayer asserts that the conclusion was erroneous and so presents the question which is for our determination.

Though it is earnestly insisted for the government that the conclusion of the

Board was without error, it is admitted in the brief that "there are no court decisions directly holding that an accrued item of expense may not be deducted when there is no reasonable expectancy that it will be paid." Our own search has confirmed the admission. The law is that if a method of bookkeeping employed by a taxpayer "does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income" (Section 41), and the real facts, not forms of entry, must measure the tax. But where interest actually accrues on a debt of a taxpayer in a tax year the statute plainly says he may deduct it. That he has no intention or expectation of paying it, but must go into bankruptcy as this taxpayer was obliged to do, can not of itself justify denial of deduction in computing the taxpayer's net income. It is true that if a man's gains at the end of the year consist of bad debts he can have no net income to tax. But neither does he have such net income if the interest on what he owes amounts to more than his gains.

In Helvering v. Jane Holding Company, 8 Cir., 109 F.2d 933, 942, we dealt with a situation where an accrued item of interest was shown on a taxpayer's books as owing to a creditor, but the debt was forgiven by the creditor and therefore was not really a debt of the taxpayer. Under such circumstances there would be no "items of interest accrued" and no allowable deduction on account of one. But in this case the Board did not find that the interest debt shown on the taxpayer's books had been forgiven by the creditor. Its statement in the opinion is that the facts which are recited "strongly indicate a forgiveness of the interest" but this expression falls short of a finding that there was such forgiveness.

It is argued for the taxpayer that the question whether its obligation in respect to the interest owing by it had been forgiven was not open on the hearing before the Board and that the parties had "stipulated the amount of the indebtedness and the interest". We do not find such a stipulation in the record and as the burden was upon the taxpayer to establish its right to the deduction claimed by it, we can discern no reason to declare that the Board may not inquire into the matter.

We conclude that the decision of the Board on the facts which were found by it was erroneous. It is therefore reversed and the cause is remanded for further proceedings.

Reversed and remanded.