Northwestern Pennsylvania Gas Corporation v. Commissioner.
Northwestern Pennsylvania Gas Corp. v. Commissioner
Docket No. 485.
United States Tax Court
1944 Tax Ct. Memo LEXIS 392; 3 T.C.M. (CCH) 52; T.C.M. (RIA) 44017; January 21, 1944
*392 William P. Smith, Esq., for the petitioner. Laurence F. Casey, Esq., for the respondent. SMITH Memorandum Findings of Fact and Opinion SMITH, Judge: This proceeding involves deficiencies in income and excess profits tax for 1939 in the amounts of $26,982.71 and $15,349.75, respectively. Petitioner claims an overassessment for 1939 of $342.11. The respondent has determined that petitioner realized a taxable gain in 1939 by reason of an entry which it made in its books in that year crediting to surplus an amount of accrued interest on its bonded indebtedness then standing on its books. The income attributed by respondent to the year 1939 is $164,725 representing the portion of such accrued interest which had been deducted by petitioner in its returns for years then barred by the statute of limitations. Findings of Fact Petitioner is a public utility holding corporation with its principal place of business at Kane, Pennsylvania. Its income and excess profits tax return for 1939 was filed with the collector of internal revenue for the twenty-third district of Pennsylvania. Petitioner was organized under the laws of the State of Delaware on March 29, 1933. On August 1, 1933, it acquired *393 all of the outstanding stock of the following six utility corporations, all of Kane, Pennsylvania
Kane Gas Light & Heating Company Citizens Gas Company McDade Gas Company Mt. Jewett Gas Company
Pennsylvania Counties Gas Corporation Warren County Gas Company Petitioner issued its own bonds as the sole consideration for such stock. These bonds, which were denominated "First Lien Collateral Trust Income Bond," were issued under a trust indenture executed as of August 1, 1933. The face amount of bonds authorized in the trust indenture was $860,000. Petitioner issued forth-with $844,500 of such bonds. All of the bonds were in denominations of $500 and $1,000. They were dated August 1, 1933, and were to become due August 1, 1953. They all bore interest at the rate of five percent cumulative from August 1, 1933. The petitioner deposited with the trustee, Kane Bank & Trust Company of Kane, Pennsylvania, as collateral for the bonds the following assets: 100 percent of stock of Citizens Gas Company 100 percent of stock of Kane Gas, Light Heating Company 100 percent of stock of McDade Gas Company 100 percent of stock of Mt. Jewett Gas Company
100 percent of stock of Warren County *394 Gas Company 1,231 shares of stock of Keystone United Oil & Gas Company 10,000 shares Pennsylvania Counties Gas Corporation Mortgage Bond of Pennsylvania Counties Gas Corporation in the amount of $215,000. The trust indenture provides in part as follows: ARTICLE V. Ascertainment and Disposition of Consolidated Net Earnings - Payment of Interest and Sinking Fund. The Company covenants as hereinafter in this Article set forth: SECTION 1. Except as otherwise in this Indenture provided, no interest shall become or be due and payable on the Bonds prior to the maturity thereof, by declaration or otherwise, except as herein provided out of consolidated net earnings of the Company as defined in Section 5 of Article I hereof, and no payment shall become or be due and payable in respect of the sinking fund for the Bonds hereinafter provided for, except as herein provided out of consolidated net earnings of the Company as defined in Section 5 of Article I hereof, remaining after the deductions provided for in Section 5 of this Article V. * * * * *
SECTION 4. Interest on the Bonds shall be payable on and after April 1, 1934 as hereinafter provided and shall be cumulative from and after *395 August 1, 1933, that is to say, if interest on the Bonds at the full rate of five per cent. (5%) per annum for any interest period after July 31, 1933, shall not have been declared due and payable, then the deficiency, whether total or partial, shall accumulate and shall be declared due and payable (but without interest thereon) by the Board of Directors as herein prescribed, on the first succeeding interest payment day or days when and to the extent that the consolidated net earnings of the Company for any subsequent interest period or periods shall suffice to make such payment, or some part thereof, and before any payment shall be made in respect of interest for any subsequent interest period or periods. * * * * *
SECTION 6. No interest shall be declared to be due and payable or need be paid on the Bonds for any interest period unless the consolidated net earnings of the Company for such interest period shall then suffice to pay at least one-half of one per cent. (1/2%) on the Bonds, and the rate of interest declared due and payable need not in any instance be a fractional figure other than some multiple of one-quarter of one per cent. (1/4%), but any smaller fractional amount *396 remaining after an interest payment shall be added to the consolidated net earnings for the ensuing interest period. * * * * *
SECTION 10. Whenever interest on the Bonds shall have been declared by the Board of Directors of the Company to be due and payable, whether on April 1, 1934, or on any October 1 or April 1 thereafter, such interest shall become due and payable as so declared. Whenever, at maturity or otherwise by reason of any provision of this Indenture, the principal of any of the Bonds shall become due and payable, all cumulative interest thereon, not theretofore paid, at the rate of five per cent. (5%) per annum from and after August 1, 1933, to the date when such principal shall become due and payable, whether or not there be any consolidated net earnings as herein defined, shall become and be due and payable without any declaration by the Board of Directors of the Company; and the Company covenants and agrees that it will pay the full amount of any such cumulative interest, together with the principal of said Bonds. The bonds carry on their face the following provision: NORTHWESTERN PENNSYLVANIA GAS CORPORATION, a corporation existing under the laws of the State *397 of Delaware (hereinafter termed the "Company"), for value received, promises to pay to or registered assigns, on the first day of August, 1953, Dollars and to pay interest on said principal amount from August 1, 1933, at a rate not exceeding five per cent. (5%) per annum, semiannually on the first day of April and on the first day of October in each year (beginning April 1, 1934) (in each instance for the interest period, as defined in the Indenture, ending upon the January 31 or July 31 next preceding), if and to the extent that such interest shall become payable on said date in accordance with the Indenture hereinafter mentioned, out of the consolidated net earnings of the Company, as defined in the Indenture and ascertained and determined as provided therein. As provided in the Indenture, interest on this Bond shall be cumulative from and after August 1, 1933, at the rate of five per cent. (5%) per annum, and any instalment of such cumulative interest which shall not be so payable on any April 1 or October 1 after October 1, 1933, shall be paid whenever thereafter such instalment of cumulative interest shall become payable in accordance with the Indenture, but such accumulations *398 of interest shall not bear interest. The Company, whenever the principal of this Bond shall become due by declaration or otherwise, will pay all arrears of cumulative interest to such due date, whether theretofore declared payable or not." The stock of the subsidiary corporations was the only consideration which the petitioner received for the issuance of the bonds. Petitioner kept its books and made its returns upon the accrual basis. In each year from August 1, 1933, to December 31, 1938, inclusive, it accrued the interest on its outstanding bonds as follows: 1933
$21,112.50
1934
42,225.00
1935
41,412.55
1936
39,900.00
1937
39,900.00
1938
38,841.61
Petitioner actually paid no interest on any of its bonds during that period or in 1939. There were debits to the interest account in the years 1935, 1937, and 1938 in the aggregate amount of $16,889.60 representing the interest charged on bonds retired during those years. Petitioner claimed deductions for the accrued interest in its income and excess profits tax returns for each of the years 1933 to 1937, inclusive, and the respondent has allowed the deductions claimed. Petitioner reported net losses as follows: 1933
$64,861.10
1934
37,874.82
1935
82,374.51
1936
34,273.26
*399 It reported net income of $18,345.67 for 1937 after the inclusion in gross income of a gain of $27,995.35 on the retirement of $28,000 par value of its bonds at a cost of $6,300. The accrued interest on the retired bonds amounting to $6,183.35 was included in the computation of the gain. Upon the advice of an accountant whom petitioner employed to audit its books in 1939 it made an entry in its journal on June 1, 1939, transferring to surplus $203,124.96 representing all of the accrued but unpaid interest on its outstanding bonds to that date. In 1942 upon the advice of counsel petitioner reversed the journal entry of June 1, 1939, and by entry made December 31, 1942, restored to the accrued interest account payable the amount of $203,124.96 previously transferred to surplus, together with the accrued interest for 1939, 1940, and 1941. The amount of such interest for the taxable year 1939 was $37,500. For the year 1939, the only year involved in this proceeding, the respondent determined in his deficiency notice that petitioner realized a taxable gain of $203,124.96 by reason of the transfer of the accrued interest to surplus account in 1939 and that $164,725 of that amount was *400 income for 1939. The deficiency notice states: "(a) As stated hereinbefore, in adjustment (a) for the taxable year 1938, it has been held that by reason of your cancellation and transfer to surplus of interest payable in the amount of $203,124.96 in the year 1939, you realized taxable income; it has been held that $38,399.96 of this total of $203,124.96 constituted taxable income of 1938 as shown hereinbefore, and that the remainder, $164,725.00 constituted taxable income of 1939." In an amended petition filed in this proceeding petitioner alleges that respondent erred (a) in including the amount of $164,725 in its income for 1939, and (b) in not allowing the deduction of the interest accruing on its bonds for 1939 in the amount of $37,500. The respondent denies these allegations of error and by an amended answer affirmatively alleges that petitioner is estopped to deny that it realized taxable income in the year 1939 by reason of the transfer to surplus account of the interest accrued and deducted from gross income in the years 1933 to 1937, inclusive. Under the provisions contained in the trust indenture referred to above and those appearing on the face of the bonds petitioner *401 was obligated, unqualifiedly, to pay at the maturity date of the bonds or earlier both the principal amount of the bonds and the accumulated interest thereon. The principal amount due on the bonds constituted an indebtedness of petitioner within the meaning of section 23 (b), Internal Revenue Code. Interest on the bonds accrued annually, under petitioner's method of accounting. Petitioner received no income in 1939 by reason of the bookkeeping entry which it made in that year transferring the balance of accrued interest to surplus account. Petitioner received no tax benefits to which it was not lawfully entitled by reason of the deduction of accrued interest on its bonds in its returns for years prior to 1939. Opinion Our basic question is whether the interest on petitioner's outstanding bonds was an obligation which accrued annually, giving rise to deductions in petitioner's returns. If so, then the bookkeeping entry of June 1, 1939, by which the interest accrued to that date was transferred to surplus account was erroneously made and for that reason alone did not result in the realization of taxable income. Likewise, if the interest was properly accrued annually and was deductible *402 in petitioner's returns then petitioner received no tax benefit in prior years by reason of such deductions, to which it was not lawfully entitled, and there is no basis for respondent's plea of estoppel. Respondent's contentions are that petitioner was not legally bound to pay interest on its bonds at any time either annually or upon the maturity of the bonds and that therefore the accruals of such interest were improper. He argues that the bonds were issued not for the use of money, since petitioner received no money for them, but solely in the acquisition of the stock of the subsidiary companies; that except for this stock which was pledged back to the trustee for the benefit of the former stockholders "petitioner was financially, a shell"; that therefore petitioner's position was in effect the same as if its liability ultimately to pay interest on the bonds had been expressly limited to the pledged collateral. Respondent therefore contends, as he states in his brief: * * * that insofar as the enforceability of the obligation against the trust collateral is concerned, such obligation, without more, is not an indebtedness within the meaning of section 23 (b). * * * Respondent's *403 position, we think, is wholly untenable. The indebtedness upon which interest may be deducted is not limited to money borrowed. Deputy v. duPont, 308 U.S. 488. The ability of a taxpayer to meet an obligation has never been used as a test of the genuineness of the obligation. Under respondent's theory it would be necessary in every case involving the deductibility of an accrued liability to speculate as to the probability of the taxpayer's ability to pay at the maturity date of the obligation. The statute permits no such test. It authorizes the deduction of interest "paid or accrued within the taxable year on indebtedness." (Section 23 (b), Internal Revenue Code.) The indebtedness on which the interest is paid or accrued must be an unconditional and enforceable obligation. Deputy v. duPont, supra;Commissioner v. Park, 113 Fed. (2d) 352; affirming 38 B.T.A. 1118. It is the certainty of the obligation to pay and not the ability of the obligor to meet the payment which determines the right to the deduction. Commissioner v. O.P.P. Holding Corporation, 76 Fed. (2d) 11; *404 affirming 30 B.T.A. 337. We held in Panhandle Refining Co., 45. B.T.A. 651, that a taxpayer may not be deprived of the deduction of accrued interest "because of its precarious financial condition" and the possibility that the interest might not be paid. Even the knowledge that the accrued interest would in all probability not be paid because of the pending bankruptcy of the taxpayer obligor has been held not sufficient to defeat the right to the deduction. Zimmerman Steel Co. v. Commissioner, 130 Fed. (2d) 1011; reversing 45 B.T.A. 1041. The rule is of long standing that a taxpayer properly keeping its books on an accrual basis is not only permitted but is required to accrue and deduct the interest on its bonded indebtedness annually if the primary obligation is an "indebtedness" and if the interest thereon must in all events be paid. See Cumberland Glass Mfg. Co., 2 B.T.A. 1122; Oregon Pulp & Paper Co., 47 B.T.A. 772, and cases therein cited. There can be no doubt that under the provisions of the trust indenture which petitioner *405 executed and under the terms stated on the face of the bonds petitioner was legally obligated to pay both principal and interest on the bonds. While these provisions do make the annual or periodic payments of interest conditioned upon net earnings they do not affect petitioner's obligation utilmately to pay the accumulated interest. The restricting provisions relate to the time of payment rather than to the certainty of payment. We think that petitioner correctly accrued and deducted the interest on its bonds annually. We therefore hold that as to the taxable year 1939 petitioner realized no taxable income by reason of the erroneous bookkeeping entry by which it credited the accrued interest then standing on its books to surplus account. We likewise hold that petitioner is entitled to a deduction of the $37,500 of accrued interest which it omitted from its return for 1939. Decision will be entered under Rule 50.