### KEEBEY'S, Inc. v. PASCHAL.
### No. 14232.

United States Court of Appeals
Eighth Circuit.
April 11, 1951.

Melbourne M. Martin, Little Rock, Ark., for appellant.

Homer R. Miller, Sp. Asst. to Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack and John J. Kelley, Jr., Sp. Assts. to Atty. Gen., James T. Gooch, U. S. Atty. and G. D. Walker, Asst. U. S. Atty., Little Rock, Ark., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

This appeal is from a judgment which dismissed appellant's complaint in an action brought by it to recover an alleged overpayment of its income taxes for the year 1942. The basic facts are not in dispute.

Appellant is an Arkansas corporation and at all times here material was engaged in the jewelry business at Little Rock, Arkansas. During the period from 1931 to

1942, inclusive, it kept its books of account and made its income tax returns on the accrual basis and during that time it was a "closely held corporation," its president, P. G. Keebey owning all the stock except certain qualifying shares. In 1931 the company became financially embarrassed and was bordering on insolvency. In November of that year at a meeting of its general creditors it was agreed that the creditors would settle their claims for 75¢ on the dollar and that interest-bearing notes evidencing the balance of their claims would be issued to them. At that time the company was indebted to P. G. Keebey in the sum of $9180.00 for money advanced by him to it and he was given notes to evidence 75 per cent of this debt; to-wit, $6,885.00, the notes given to him being identical in form with those given to other creditors. Apparently each creditor received thirty notes payable serially, the notes all having a fixed maturity date and bearing interest from maturity. It was orally understood and agreed, however, between all the parties that no part of Mr. Keebey's notes, whether for interest or principal, was to be paid until all of the notes due outside creditors had been paid in full. Of the thirty notes given by appellant to Mr. Keebey, each was for the principal sum of $229.50 and each read as follows except as to the maturity date:

"$229.50

"Little Rock, Arkansas, November 20, 1931.

"On 10th day of February, 1932, for value received, Keebey's, Incorporated, promise to pay to P. G. Keebey, or order, at 111 West Capitol Avenue, Little Rock, Pulaski County, Arkansas, Two Hundred Twenty Nine and 50-100 Dollars, with interest from maturity until paid at the rate of six per cent per annum.

"This note is one of a series of 30 notes this day given by Keebey's, Incorporated to P. G. Keebey, numbered from 1 to 30, inclusive, and in the principal amounts of Two Hundred Twenty Nine and 50-100 Dollars, each default in the payment of this note, or by any installment of interest hereof, when due, shall at the option of the holder thereof (consistent with agreement made this day for the execution of this note and which this note shall form a part thereof) mature any or all of the above mentioned notes this day given.

"Keebey's, Incorporated
"By /s/ P. G. Keebey, President."

The company did not set up the Keebey notes on its books, nor did it accrue any interest thereon, until 1942, but on December 28, 1942, all the outside creditors having been paid in full, it set up the Keebey notes on its books, accrued all interest thereon from 1931 through 1942, and paid on the indebtedness represented by the notes the sum of $6,196.50. Of this sum $4,360.50 was considered as accrued interest and the sum of $1,836.00 was considered as paid on the principal. When the company filed its income and excess profits tax returns for 1942 and 1943, it claimed the sum of $4,360.50 as a deduction for interest. The claim, however, was disallowed and a deficiency assessment was made by the Commissioner of Internal Revenue. This deficiency assessment was paid by the company but it filed claim for refund and on denial of the claim it brought this action to recover. It alleged overpayment on the theory that all the interest on on the Keebey notes was properly deductible in 1942.

The trial court found that the notes executed by the company to Keebey constituted a fixed liability although time for payment was uncertain, and concluded that as the company kept its books on the accrual basis it was required to accrue interest on these obligations from year to year and to deduct such annual accruals in its annual tax return and having failed so to do could not in a later year claim as a deduction from that year the total amount of interest paid in such year on these notes, but was only entitled to deduct that portion of the interest paid which was attributable to that particular year.

In seeking reversal appellant urges that while income and deductions must be reported for federal income tax purposes in accordance with the methods of accounting employed by the taxpayer, yet a taxpayer on the accrual basis need not report income earned during the taxable year

unless the events necessary to establish the right to the income have taken place during that year, unless the amount is reasonably determinable, and unless the person who is obliged to pay the income is financially able to pay it. It is therefore argued that all events necessary to establish the company's right to pay the Keebey notes did not occur until December 28, 1942.

Section 23(b) of the Internal Revenue Code, 26 U.S.C.A. § 23(b), provides that in computing net income there shall be allowed as deductions, "All interest paid or accrued within the taxable year on indebtness, * * *." Section 43, Title 26 U.S.C.A. provides that, "The deductions and credits * * * provided for in this chapter shall be taken for the taxable year in which 'paid or accrued' or 'paid or incured', dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period. * * *"

Section 48, Title 26 U.S.C.A. provides as follows: "The terms 'paid or incurred' and 'paid or accrued' shall be construed according to the method of accounting upon the basis of which the net income is computed under this Part."

Under these provisions it has been universally held that when a taxpayer reports its income on the accrual basis deductions must be made in the year when it accrues.

In Commissioner of Internal Revenue v. Mnookin's Estate, 8 Cir., 184 F.2d 89, 92, we said: "The taxpayer's method of accounting will control the time as of which income must be reported and deductions allowed. The courts hold that neither income nor deductions may be taken out of the proper accounting period for the benefit of the Government or the taxpayer."

Appellant does not seriously question this rule but contends that it in fact had no continuing liability to pay the interest which accrued in the years 1931 through 1942 and that the amount was not determinable until 1942. The contract reflected by these notes was, of course, in writing and this contract provided that the interest became payable upon maturity of the notes and the trial court found that the obligation was a fixed and certain liability. The oral agreement did not relieve the company from its liability. It simply postponed the time of payment. It is argued by appellant that there was in fact no liability until the other creditors had been paid and that if it had not been able to pay these other liabilities neither the principal nor the interest on these notes would have accrued. This argument in effect is that as appellant might never have been financially able to meet the specific indebtedness owing to the creditors, the interest and principal represented by the Keebey notes did not accrue until it was able to make such payment. Appellant did not so construe the effect of this oral agreement and this theory is not borne out by the testimony of appellant's president, as follows:

"Q. Mr. Keebey, the corporation Keebey's, Incorporated, did they at all times intend to pay Mr. Keebey these notes? A. Yes, sir. That was money borrowed on his life insurance.

"Q. Did it ever deny owing him? A. No."

The parties to the written contract construed it to mean simply that the payment of the Keebey notes was to be postponed until appellant's other obligations were paid. The obligation to pay was a continuing one and apparently there was reasonable ground to believe that it would ultimately be paid. The liability was fixed and certain and this liability we think was not altered by the agreement between the creditors to postpone the time of payment. The right to deduct the sums as interest became absolute in the year when accrued even though actual payment was not made until 1942. Craig v. Thompson, 8 Cir., 177 F.2d 457. Liability for payment of a debt is not dependent upon the certainty of its payment. While the existence of a liability is necessary, certainty that it will be discharged is not. In the instant case the interest was an ascertainable liability which we think should have accrued annually even though there was no reasonable probability that the taxpayer would ever be able to pay it. Thus, in Zimmer-

man Steel Company v. Commissioner, 8 Cir., 130 F.2d 1011, 1012, 143 A.L.R. 1054, we said inter alia: "But where interest actually accrues on a debt of a taxpayer in a tax year the statute plainly says he may deduct it. That he has no intention or expectation of paying it, but must go into bankruptcy as this taxpayer was obliged to do, can not of itself justify denial of deductions in computing the taxpayer's net income."

The judgment appealed from is therefore affirmed.