EDWARD L. COHEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36400.    Promulgated March 8, 1954.

*Arthur R. Silsdorf, Esq.*, for the petitioner.
*Charles M. Greenspan, Esq.*, for the respondent.

## OPINION.

MURDOCK, *Judge:* The evidence shows that the books of the petitioner were regularly kept on an accrual method of accounting at all times material hereto and that the use of that method clearly reflects his annual income. The evidence also shows that the amount of the interest accrued on his books for the taxable years was a legal obligation. The determination of the Commissioner was erroneous insofar as it disallowed the deductions claimed for interest on the returns. The Commissioner had no right under the law to disregard the accrual method of bookkeeping employed by the petitioner and to determine the deficiencies on a cash basis. The petitioner had a right to use an accrual method of accounting; he actually used that method in keeping his books, that method clearly reflects his income, and his returns were filed on an accrual basis in accordance with his books.

The Commissioner argues that the petitioner's method of accounting and reporting did not clearly reflect his income because the petitioner was not in a sound financial condition and it was unlikely that he would ever be able to pay some of the interest which was accrued on his books. The stipulated facts show that the petitioner was not in the best financial condition but he continued to conduct his business. Small portions of the accrued interest were actually paid and

payments of principal were also made, in the taxable years. There may have been doubt as to the ultimate ability of the petitioner to pay the accrued interest in full, but there was no certainty that he would be unable to do so.

The rule which emerges from the decisions of this Court is that deductions for accrued interest are proper where it can not be "categorically said at the time these deductions were claimed that the interest would not be paid, even though the course of conduct of the parties indicated that the likelihood of payment of any part of the disallowed portion was extremely doubtful." *D. J. Jorden*, 11 T. C. 914, 925. *Butler Consolidated Coal Co.*, 6 T. C. 183; *Panhandle Refining Co.*, 45 B. T. A. 651; *Hummel-Ross Fibre Corporation*, 40 B. T. A. 821, where deductions for accrued interest were allowed despite the inability of the debtor to meet its obligations as they matured. See also I. T. 3635, 1944 C. B. 101; *Keebey's, Inc.* v. *Paschal*, 188 F. 2d 113. Cf. *Helvering* v. *Russian Finance & Construction Corp.*, 77 F. 2d 324, 327; *Spring City Foundry Co.* v. *Commissioner*, 292 U. S. 182. The facts in this case bring it well within the rule stated above and distinguish it from *Zimmerman Steel Co.*, 45 B. T. A. 1041, revd. 130 F. 2d 1011; *Florence Pearlman*, 4 T. C. 34, affirmed on other grounds 153 F. 2d 560; *Millar Brainard*, 7 T. C. 1180, in which the United States Court of Appeals for the Seventh Circuit, pursuant to a stipulation of the parties, ordered the Tax Court to vacate its decision and enter one of no deficiency. The petitioner is entitled to the deductions claimed.

*Decision will be entered under Rule 50.*