## PRUDENCE SECURITIES CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.
### No. 158.

Circuit Court of Appeals, Second Circuit.
March 30, 1943.

Lawrence A. Baker and Henry Ravenel, both of Washington, D. C. (Baker, Selby & Ravenel, of Washington, D. C., of counsel), for petitioner.

Samuel O. Clark, Jr., and Sewall Key, both of Washington, D. C., and Victor Brudney, of New York City (Arthur Manella, of Washington, D. C., arguing), for respondent.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The B bonds, accrued interest on which taxpayer seeks to deduct, are owned by a corporation which also owns all taxpayer's stock. A corporation, ordinarily, cannot in a real sense become a creditor of one of its own incorporated departments. The situation here is substantially the same as if the taxpayer were seeking to deduct accrued interest on its own unissued bonds because it had set them aside in an envelope in its vault. While there are perhaps conceivable circumstances in which accruing interest on bonds of a wholly owned subsidiary held by its parent company might be deductible from the subsidiary's gross income, certainly when the government chooses to assail the transaction such a deduction cannot be permitted. Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 84 L.Ed. 406.

But, even aside from the parent-subsidiary relation, taxpayer must lose. For here the contingencies, both in form and substance, affecting the future payment of the interest on the B bonds were such that in the taxable year no reasonable person could assume that payment would ever be likely to occur. This is not a case where

the unlikelihood of payment is due to the impending bankruptcy of the debtor,[2] but one where indeed only events approximating the bankruptcy of the debtor could bring about any reasonable possibility of payment of interest on the B bonds. If ever there was a case where flimsy paper transactions were put forward as a basis for avoidance of tax, this is it.[3]

Affirmed.

[2] Zimmerman Steel Co. v. Commissioner, 8 Cir., 130 F.2d 1011.

[3] Cf. Lucas v. American Code Co., 280 U.S. 445, 50 S.Ct. 202, 74 L.Ed. 538, 67 A.L.R. 1010; Lucas v. North Texas Co., 281 U.S. 11, 50 S.Ct. 184, 74 L.Ed. 668; Commissioner v. Brooklyn Radio Service Corp., 2 Cir., 79 F.2d 833, 834; Jamaica Water Supply Co. v. Commissioner, 2 Cir., 125 F.2d 512, 513.