**NORTHWESTERN RUBBER CO.**

v.

**PEDRICK.**

United States District Court
S. D. New York.

Jan. 7, 1954.

Lowenstein, Pitcher, Amann & Parr, New York City, F. Van S. Parr, Jr., New York City, of counsel, for plaintiff.

J. Edward Lumbard, U. S. Atty., Washington, D. C., Samuel R. Pierce, Jr., New York City, of counsel, for defendant.

RYAN, District Judge.

This suit is to recover income tax plus interest paid by plaintiff on September 6, 1948 on a deficiency assessment levied against plaintiff's income for the fiscal year ended September 30, 1942. This deficiency resulted from the disallowance of a credit claimed under 26 U.S. C.A. § 131, I.R.C., for income or excess profits taxes "paid or accrued * * * to any foreign country".

During its 1942 fiscal year all the income of plaintiff, a West Virginia corporation, was derived from its business transactions in Great Britain; this income was subject to British as well as to United States income tax. Plaintiff maintained its books of account on an accrual basis.

Computation of British income tax is based partly upon an annual assessment of the earnings of a taxpayer on the basis of his accounts for the preceding fiscal or calendar year. Under British law, against the earnings subject to such assessment, credit is allowed for losses incurred by the taxpayer in prior years

and unapplied losses may be carried forward.

Prior to the fiscal year ended September 30, 1939, plaintiff had sustained losses amounting to £27,286 which under British law, it was entitled to carry forward and offset against taxable income. As a result of this credit setoff, plaintiff paid no British tax through the fiscal year ended September 30, 1942. There was in the next fiscal year an insufficient amount of loss setoff to cancel British tax liability and for the fiscal year ended September 30, 1943 plaintiff paid a tax based upon the total earnings of that year due after crediting the remainder of the loss setoff.

The application of the 1939 loss to reduction of plaintiff's income taxable as profits under British law for the fiscal years 1939 through 1943 was as follows:

| Accounts for Fiscal Year Ended 9/30 | Year of Assessment | Profits | Deprecia-tion * | Loss Carry-over Utilized * | Earnings on Which British Tax was Computed |
|---|---|---|---|---|---|
| 1939 | 1940–41 | 4308 | 3329 | 979 | nil |
| 1940 | 1941–42 | 15325 | 1205 | 14120 | nil |
| 1941 | 1942–43 | 5812 | 3285 | 2527 | nil |
| 1942 | 1943–44 | 9860 | 3130 | 6730 | nil |
| 1943 | 1944–45 | 12012 | 3192 | 2930 | 5890 |
| | | | | £27286 | |

It is plaintiff's contention that the application of the loss carry-over under the British law to offset earnings for the fiscal year ended September 30, 1942 constituted a payment or accrual of taxes to a foreign country entitling it to a credit against United States tax due under Section 131(a) (1), I.R.C., which provided as follows:

"(a) *Allowance of Credit.*—If the taxpayer signifies in his return his desire to have the benefits of this section, the tax imposed by this chapter, except the tax imposed under Section 120 shall be credited with:

"(1) *Citizen and domestic corporation.*—In the case of a citizen of the United States and of a domestic corporation, the amount of any income, war-profits, and excess-profits taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States."

■ The meaning of the word "taxes paid or accrued during the taxable year to any foreign country", as used in this section is the sole issue presented by this suit. The applicability of this section to loss carry-over credit in the determination of the amount of tax payable to a foreign country does not appear to have been previously presented for decision. The words must be construed so as to give effect to the general purpose of the statute, which is to avoid double taxation and to facilitate foreign enterprises of domestic corporations. Gentsch v. Goodyear Tire & Rubber Co., 6 Cir., 1945, 151 F.2d 997. The answer to the problem lies in whether plaintiff has once been taxed by Great Britain in the amount claimed so that denial of a credit to that extent under Section 131 would result in double taxation.

That plaintiff may have satisfied a tax liability under British law by the application of a carry-over loss credit is not controlling but merely one of the factors to be considered in determining whether plaintiff has paid or accrued a tax within the meaning of the section. As this tax credit is allowable only by virtue of statute, payment or accrual in fact

* In British pounds.

must be recognized in light of our system of taxation. Irving Air Chute Co. v. Commissioner of Internal Revenue, 2 Cir., 1944, 143 F.2d 256. The word "accrued" is to be interpreted in accordance with the statutory requirement that accounts clearly reflect income and expense. An expense may be said to accrue when all the events have occurred which fix its amount and determine that it is to be incurred by the taxpayer. United States v. Anderson, 1925, 269 U. S. 422, 46 S.Ct. 131, 70 L.Ed. 347. An accrued expense may be given recognition on a tax return only when and to the extent that there exists a legally binding obligation to pay it. Prudence Securities Corporation v. Commissioner, 2 Cir., 1943, 135 F.2d 340.

The pertinent portion of the British Finance Act, 1926 (c. 22) § 33 provides:

"33. Relief in respect of certain losses.

"(1) Where a person has in any trade * * * sustained a loss * * * he may claim that any portion of the loss for which relief has not been so given shall be carried forward and, as far as may be, deducted from or set off against the amount of profits or gains on which he is assessed under Schedule D in respect of that trade, profession or vocation for the six following years of assessment."

Here, there was no legally binding obligation to pay taxes in the amount claimed to Great Britain. The effect of the above-quoted section is to grant a deduction against a base figure. Tax liability is assessed only on the net amount after this deduction. There is here presented a situation not unlike our statutory tax scheme wherein Section 23(s) of 26 U.S.C.A. permits a deduction for previous net operating loss as one of several deductions interposed between gross income and net taxable income. In our statute liability is imposed upon net income and the taxpayer is not satisfying accrued tax liability when he takes one of the permitted deductions.

I have already noted that the concept of "accrual" is inseparably juxtaposed to ultimate liability for payment. Payment, while not to be narrowly limited to a cash transfer, involves the surrender of something of value. United States v. Collier, 5 Cir., 1939, 104 F.2d 420. While a corporation which is insolvent may have a unique value in the business world because of a net operating loss, it is the corporation and not the tax credit which is the item of value. The operating loss may not be transferred without the business unit and is by itself valueless in the commercial market.

 It is clear that under the British Finance Act the taking of the operating loss deduction was not intended to be and was not in fact a satisfaction of tax liability as no such liability in the amount of the deduction ever arose.

The Clerk is directed to enter judgment dismissing the complaint herein upon the merits with costs.