**NOXON CHEMICAL PRODUCTS CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 5727.**

Circuit Court of Appeals, Third Circuit.

July 18, 1935.

George H. Rosenstein, of Newark, N. J., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and L. W. Post and Sewall Key, Sp. Assts. to Atty. Gen., for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. In 1925 receivers were appointed for the petitioner by the District Court of New Jersey. The receivers, purporting to act for the petitioner, filed an income tax return for the period from September 1, 1927, to August 31, 1928, and reported a net gain on which they paid a tax. In 1929 this court vacated the order appointing the receivers on the ground that it was illegal and void ab initio, and ordered the receivers to return the property and to account. Nottebaum v. Leckie (C. C. A.) 31 F.(2d) 556, certiorari denied Guaranty Trust Co. v. Noxon Chemical Products Co., 280 U. S. 558, 50 S. Ct. 17, 74 L. Ed. 613. The petitioner's officers regained control in March, 1929. Thereafter its board of directors voted to pay the attorneys and accountants who had been instrumental in terminating the receivership. From 1929 to 1932, the petitioner paid approximately $147,000 on account. In 1930 the petitioner filed an amended income tax return which differed from the original return in that $50,000 was deducted as an accrued business expense for 1928. This sum represented that portion of the fees which the petitioner claimed had been allocated to 1928. If the deduction were allowed, the petitioner's income for 1928 would show a net loss rather than net profit. The Commissioner disallowed the deduction and was sustained by the Board of Tax Appeals.

The petitioner, whose books are kept on an accrual basis, claims the right to deduct the $50,000 from the 1928 income as an ordinary and necessary business expense for that year by virtue of section 234 (a) of the Revenue Act of 1926 (26 USCA § 986 (a). There is nothing in the record to show with any degree of certainty how the petitioner arrived at its allocation of $50,000, and no evidence to show that this arbitrary sum accrued as a debt during the taxable year 1928. The evidence does not disclose that the agreements with any of the attorneys were entered into during 1928; that there was any understanding that they were to be paid for their services in that year; or that any portion of the compensation was paid to them for services performed in that year. The undisputed evidence, on the contrary, is that $147,000 was in fact

872

paid in installments during the period from March, 1929, to April, 1932. Since there is no proof that the petitioner became unconditionally liable in 1928 to pay the $50,000 in question, it was not entitled to treat this sum as an accrued liability in that year. We think the petitioner has failed to sustain its right to the claimed deduction.

The decision of the Board of Tax Appeals is sustained.