THE NEW MCDERMOTT, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99360.    Promulgated July 17, 1941.

*R. B. Albertson, Esq.*, for the petitioner.
*Byron M. Coon, Esq.*, for the respondent.

OPINION.

HILL: The single issue before us is whether or not petitioner is entitled to a deduction in the taxable year for interest accrued on bonds. Petitioner contends that it has always kept its books and filed its returns on the accrual basis and that it properly accrued the sum of $9,730 as interest on the bonds due in the year 1936. It maintains that, even though it was not primarily liable on the mortgage, it is entitled to the deduction by virtue of article 23 (b)-1 of respondent's Regulations 94.[1] Respondent argues that petitioner was not on the accrual basis of accounting and hence may not deduct interest due but unpaid. He asserts that the bonds have been canceled by operation of law and relies upon the case of *Chester A. Sheppard, Trustee*, 37 B. T. A. 279.

Petitioner was on the accrual basis of accounting. Its returns were consistently filed and its accounts were kept on that basis. The fact that the largest expense items relating to interest and taxes were accrued while current operating expenses were paid does not constitute petitioner's bookkeeping a "hybrid" system. We are convinced that petitioner's income is clearly reflected by its use of the accrual basis. In order that petitioner may have a deduction for interest accrued, however, the interest must be due on indebtedness of the taxpayer. *Colston* v. *Burnet*, 59 Fed. (2d) 867; certiorari denied, 287 U. S. 640; *Helen B. Sulzberger*, 33 B. T. A. 1093; *Morris Plan Co. of Binghamton*, 26 B. T. A. 772.

Petitioner received the apartment property from the General Investment Co. by warranty deed, subject to the mortgage in favor of the bank as trustee for the bondholders. Petitioner did not assume the mortgage until after the taxable year. We are nevertheless of the opinion that the indebtedness was that of petitioner within the meaning of the authorities which require the debt to be that of the taxpayer in order to support an interest deduction. Cf. *Joell Co.*, 41 B. T. A. 825. The mortgage indebtedness is a lien on the property of which petitioner is the legal owner and upon which petitioner must necessarily rely for its source of income. Petitioner's whole

---

[1] Interest paid by the taxpayer on a mortgage upon real estate of which he is the legal or equitable owner, even though the taxpayer is not directly liable upon the bond or note secured by such mortgage, may be deducted as interest on his indebtedness. * * *

reason for being would be negatived if the mortgage were foreclosed and the property sold to satisfy the mortgage. Interest accrued on the mortgage is interest on petitioner's indebtedness in spite of the fact that petitioner was not primarily liable on the mortgage.

Petitioner does not come within the letter of article 23 (b)–1 of respondent's Regulations 94, since that regulation speaks only of "interest paid." We see no reason, however, in the absence of statutory specification, to grant a deduction to a taxpayer on the cash basis for interest paid and deny deductibility to interest accrued by a taxpayer on the accrual basis. The interest here was properly accrued and the claimed interest deduction is allowable.

Respondent maintains that the bonds were canceled "by operation of law" and urges that *Chester A. Sheppard, Trustee, supra*, controls. The bonds were still outstanding at the date of the hearing and interest under the maturity extension and interest reduction agreement was still being paid on them. Respondent has suggested that under the doctrine of merger the bonds were canceled when the legal title was acquired by petitioner. We are of the opinion that the facts in the instant case do not justify application of the doctrine of merger. The resolution adopted by the shareholders of petitioner at their first meeting concerning the acquisition of the mortgaged property clearly indicates that no merger of the legal and equitable titles was intended. The fact that some of the bonds were never subject to the deposit agreement is in itself sufficient to preclude merger and consequent cancellation of the bonds. See *Anderson* v. *Starr*, 159 Wash. 641; 294 Pac. 581.

The *Sheppard* case is distinguishable from the instant proceeding. There the taxpayer was an individual trustee acting for bondholders. We held that it was not contemplated that there should be an obligation on the taxpayer to pay interest on the mortgage, or even if there were such an obligation, the taxpayer was a mere trustee acting for the bondholders to whom the alleged interest was owing. Here, petitioner and the bondholders are not identic. Petitioner's shares are sold both with and without bonds and some of the bonds were never deposited. We hold that respondent's determination was erroneous to the extent that he disallowed a deduction for accrued interest in the amount of $9,730.

Reviewed by the Board.

*Decision will be entered under Rule 50.*