## DAVID J. JOSEPH CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10598.

Circuit Court of Appeals, Fifth Circuit.

June 21, 1943.

Howard Gould, of Cincinnati, Ohio, and Leonard B. Levy, of New Orleans, La., for petitioner.

Robt. N. Anderson, Sewall Key, and Newton K. Fox, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

David J. Joseph, Inc., transferor of petitioner, during its fiscal year ending September 30, 1937, entered into a number of contracts with British Iron & Steel Corporation, Ltd., for the sale of scrap iron and steel to the latter, totalling $7,003,256.-

---

17. The contracts provided that if any shortage existed upon unloading the cargo by the buyer, the seller would refund to the buyer the value of any such shortage, not to exceed one per cent. The contracts also provided that the seller would be responsible to the buyer for any difference in quality as billed and as finally graded upon unloading. The seller set up on its books during its fiscal year a reserve for weight shortages and quality allowances in the amount of $109,753.47. During the fiscal year seller shipped over $4,000,000 of its $7,000,000 contract. The balance of the business, amounting to approximately $3,000,000, was not shipped during the fiscal year. Petitioner reported its income on the accrual basis.

It was stipulated between petitioner and Commissioner of Internal Revenue that: "In the course of transportation and shipment scrap iron and steel loses a small percentage of weight due to scaling, chipping, and loosening of adhering dirt and debris in the course of handling."

Under the contract petitioner (seller) would be liable to the buyer for this shortage in weight to an amount not to exceed one per cent.

The buyer was not able to furnish ships for the transportation of the unshipped portion of the scrap and it was agreed that the buyer would pay the seller on memorandum billings. In preparing the memorandum invoices it was necessary to approximate the average price of the different grades of material sold.

The Commissioner disallowed, as a deduction from gross income, the amount set up as a reserve against weight shortages and quality allowances, on the ground that such reserve was not a definite liability accruable during the taxable year. The Tax Court of the United States sustained the action of the Commissioner, and the taxpayer, the transferee of the seller, seeks a review by this Court.

It is true that the stipulation shows that there would be a small percentage of loss in weight in the material sold, and it is also true that the seller was obligated to make up the shortage in an amount not to exceed one percent, if, in fact, a shortage developed. It will be observed, however, that scrap iron in an amount over $4,000,000 was shipped during the taxable year, but the record does not show that there was a shortage or that any shortage was claimed, or that demand was made upon the seller to make good any shortage. It is entirely possible that the buyer might accept the seller's weights and, in the interest of necessity, time, or economy, not reweigh the material, and thus no right to demand payment for the shortage would accrue. It is entirely possible that errors in weighing might have resulted in materials being shipped of greater weight than that billed. It is possible for the shipment to have been lost at sea and the materials never reweighed. It is possible that the buyer might sell the scrap in place without ever calling for its shipment and delivery elsewhere. There might be other contingencies which would prevent the ascertainment and accrual of liability to the seller. The amount of the loss, if any, to the seller is unpredictable.

■ The contract and stipulation present a theoretical liability but the facts in the case cast a doubt upon whether or not the liability will ever accrue. No liability appears to have accrued under the shipment of $4,000,000 worth of material shipped within the taxable year. We think that the liability here is contingent and under the holding in the case of Lucas, Commissioner of Internal Revenue v. American Code Company, 280 U.S. 445, 50 S.Ct. 202, 74 L.Ed. 538, 67 A.L.R. 1010, contingent liabilities are not allowable as deductions. Furthermore, no liability appears to have accrued within the taxable year in question.

In practically every contract of sale for merchandise there is an implied warranty of quality and quantity of the merchandise sold, for the breach of which the merchant would be liable to the buyer, but the breach would not develop prior to delivery, and the right to demand damages or a refund would not accrue until its discovery. In the present case ³⁄₇ of the goods were not delivered in the taxable year. As to the other ⁴⁄₇ in which there was a delivery, there was no proof, or claim, of any deficiency. The *fact* that no shrinkage in weight occurred in the material shipped outweighs the *theory* that shrinkage occurs in shipment.

■ No useful purpose could be served by review of the many cases dealing with reserves for liabilities, contingent or otherwise, because the decision in each case depended upon the peculiar facts and circumstances of each case, none of which deals with facts closely alike the facts here. We think the burden was on the petitioner

to show a definite accrual of liability in the taxable year and that it failed to do so.

The decision of the Tax Court of the United States is affirmed.