**SHELBY SALESBOOK CO. v. UNITED STATES.**

**SHELBY SALESBOOK CO. v. CAREY.**

Civ. Nos. 26568, 26569.

United States District Court
N. D. Ohio, E. D.
Feb. 19, 1952.

Peter Reed, Thomas V. Koykka and Chas. DeWoody and McKeehan, Merrick, Arter & Stewart, all of Cleveland, Ohio, for plaintiff.

Don C. Miller, Dist. Atty., Cleveland, Ohio, for defendants.

JONES, Chief Judge.

These are actions by The Shelby Salesbook Company, plaintiff, to recover an alleged overpayment of income and excess profits taxes for the years 1941, 1943 and 1944. The taxpayer alleges that an overpayment resulted from its mistake in not deducting certain deferred salesmen's commissions in the years in question. It filed a timely claim for refund. This claim was disallowed by the Commissioner of Internal Revenue.

The facts surrounding the controversy have been stipulated by the parties, and may be stated briefly as follows:

Plaintiff is an Ohio corporation engaged in the manufacture and sale of salesbooks, manifold books, and other business forms. It employs its own salesmen. These salesmen are compensated solely on the commission basis.

Plaintiff keeps its books and files its income tax returns on the accrual basis. In accounting for sales, it enters a sale on its books as income at the time the goods are shipped and billed to the customer.

Its procedure of accounting for commissions is somewhat more complex.

Individual ledger accounts are maintained for the salesmen. When a salesman submits an order classified as "prompt" he is immediately credited with his commission. A "prompt" order is defined as an order "specifying shipment within sixty days from the date of the order". Commissions for orders which are not "prompt" are credited to the salesman when they become "prompt".

Salesmen are paid each Tuesday an "advance" of 80% of their commission earnings entered "prompt" in the preceding week. Division managers are paid their commissions on direct sales in the same manner. Certain extra commissions which are earned by the division managers are paid on or before the first Tuesday following the end of the month.

The total commissions on all orders for all salesmen including division managers, credited to their ledger accounts during each month, are charged to deferred commissions at the end of the month. Also, at the end of each month the total commissions on goods shipped and billed during the month are credited to deferred commissions and a corresponding amount is charged to expense.

It is stipulated that "there have been no material changes in the foregoing accounting procedures in the plaintiff's books and records from 1938 to the present time".

In plaintiff's tax returns for the years in question, it reported as income the selling price of goods shipped and billed to purchasers. It deducted from such income the corresponding commissions to salesmen earned on such orders.

Taxpayer contends that it should have deducted not only the commissions on goods shipped and billed during the tax years in question, but also the commissions paid or credited to salesmen's accounts in those years on orders not shipped until the following year. The Government, on the other hand, takes the position that the method of arriving at net income which was used by taxpayer was proper and clearly reflected its income.

In my view of the matter, no change in accounting procedure which would require the approval of the Commissioner is involved here. We are concerned only with correction of the returns with respect to deductions. Decision is to be made on the basis of facts disclosed by an established method of accounting which has been followed consistently since 1938.

The sections of the Internal Revenue Code pertinent to the questions presented are as follows:

"§ 41. General rule

"The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *

*　　*　　*　　*　　*　　*

"§ 43. Period for which deductions and credits taken

"The deductions and credits * * provided for in this chapter shall be taken for the taxable year in which 'paid or accrued' or 'paid or incurred', dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period. * * *" 26 U.S.C.A. §§ 41, 43.

Taxpayer relies upon the decision by the Circuit Court of Appeals for this Circuit in Ohmer Register Co. v. Commissioner, 131 F.2d 682, 143 A.L.R. 1164. It was held there that where the taxpayer employs an accrual method of accounting, he may deduct expenses in the tax year in which they are "incurred" or "accrued". Expenses become "accrued" when "the fixed obligation is incurred, even though the amount may be diminished by subse-

quent events." See Ohmer Register Co. v. Commissioner, supra, 131 F.2d at page 686.

Taxpayer contends that the deferred commissions in question became a "fixed obligation" at the time the orders on which they were earned were submitted and approved. It claims that they were deductible in the years in question, therefore, under the decision above.

In my judgment, however, the taxpayer overlooks an underlying fact in the case cited. The Court was there concerned with the problem of "contingency" of the disputed deductions. It allowed the deductions claimed, but I think only because the corresponding income, in the production of which the expenses had been incurred, had been reported also in the same year. Income and expense were subject to the same contingency. By reporting them together, true income was reflected and "both sides of the ledger" were "treated alike". Ohmer Register Co. v. Commissioner, supra.

The Supreme Court of the United States in referring to the change in tax practice permitting taxpayers to prepare their income tax returns on an accrual basis, made this observation in U. S. v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347:

> "It was to enable taxpayers to keep their books and make their returns according to scientific accounting principles, by charging against income earned during the taxable period, the expenses incurred in and properly attributable to the process of earning income during that period; and indeed, to require the tax return to be made on that basis, if the taxpayer failed or was unable to make the return on a strict receipts and disbursement basis." 269 U.S. at page 440, 46 S.Ct. at page 134.

This statement by the Supreme Court reflects the view which I have referred to above as inherent in our Circuit Court decision, viz., that expense is to be offset against the income it helps to produce. Only in this way does the return "clearly reflect the income." Secs. 41 and 43, I.R.Code.

Now to straddle the tax years involved by dividing into separate parts the income and the expense of the plaintiff's sales transactions, would reflect a sort of inbalance with respect to true income for those years.

After careful consideration, I am of the opinion that the Commissioner was right in not allowing the deductions claimed by the taxpayer. Accordingly, the complaints will be dismissed at plaintiff's costs, and judgment may be entered for defendants.