Robert T. Hunt v. Commissioner.
Hunt v. Commissioner
Docket No. 363-64.
United States Tax Court
T.C. Memo 1965-172; 1965 Tax Ct. Memo LEXIS 161; 24 T.C.M. (CCH) 915; T.C.M. (RIA) 65172; June 25, 1965
Robert T. Hunt, pro se, 109 Canterbury Dr., Smyrna, Ga. Arthur P. Tranakos, for the respondent. SCOTT Memorandum Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1962 in the amount of $232.14. The issue for decision is whether petitioner is entitled to deduct as interest an amount paid as a loan discount to assist the purchaser of his house in obtaining a Federal Housing Administration insured loan, the proceeds from which were used as the major portion of the purchase price of the house. All of the facts have been stipulated and are found accordingly. Petitioner, an individual residing in Smyrna, Georgia, filed a joint Federal income tax return with his wife *162 Lavinia P. Hunt for the calendar year 1962 with the district director of internal revenue, Atlanta, Georgia. On December 6, 1962, petitioner sold to Wallis V. Knighton lot 13 of Olive Springs Subdivision, Marietta, Georgia, with house thereon for $12,500. The purchaser of the house obtained a $12,100 Federal Housing Administration insured loan through Tharpe and Brooks, Inc. in order to make the purchase. Under Federal Housing Administration regulations the purchaser was not permitted to pay a loan discount in obtaining the Federal Housing Administration insured loan. Tharpe and Brooks, Inc. charged the petitioner, as seller, 3 1/2 percent loan discount, or a total of $423.50. The closing statement indicates that the loan discount charged the seller was deducted from the sales price and the balance of the sales price after other reductions remitted to petitioner by the following shown thereon: Balance due seller [after payment to seller by purchaser of $200 "Earnest Money"]
$12,300.00
Received by the purchaser ($12,100 from closing of Federal
Housing Administration loan to purchaser]
12,300.00
Received of the Buyer
Internal Revenue stamps
$ 13.75
Recording fees
1.25
Loan discount to Tharpe & Brooks, Incorporated
- 3 1/2%
423.50
Payment of loans to Investors Diversified Services,
Inc.
4,698.90
Sub total
5,137.40
Check to seller for balance of purchase price
7,162.60
Total
$12,300.00
*163 Under date of July 20, 1961, the Federal Housing Administration published an explanatory document regarding mortgage discounts which stated in part as follows: What Does FHA Do About Discounts? The law requires FHA to set ceilings on interest rates for FHA-insured mortgagees. As of July 1961, FHA regulations restrict interest rates to not more than 5 1/4%. Reductions from 5 3/4% to 5 1/2% and from 5 1/2% to 5 1/4% became effective on February 2 and May 29, 1961, respectively, in recognition of the money market improvements which had occurred since early 1960. Discounts are not set by or received by FHA. Any "points" that are charged, as well as the mortgage interest, are retained by the investor and not by FHA. FHA regulations permit charges to the mortgagor for appraisals, title insurance, recording, surveys and other charges which are customary in a locality. The regulations also permit an initial service charge not to exceed 1% or 2 1/2% if the lender makes advances during construction. These charges are intended to cover the lender's expenses in originating the loan. FHA prohibits the collection of discounts from home buyers since such charges would circumvent the purpose *164 of interest rate regulations. On the other hand, there is no prohibition against payment of discounts by builders of new homes, sellers of existing homes, mortgagees, or others having an interest in the transaction. Whether discounts are paid and in what amount are matters for negotiation between lenders and these other parties to the transaction. FHA has no requirements nor assumes any responsibility concerning these negotiations other than to prohibit payment of "points" by the FHA mortgagor or home buyer. FHA maintains a study of discounts, both as a guide to future FHA operations and as an aid in administering interest rate controls. A monthly summary of current discount charges is published for industry and the general public. Are Sellers of Houses Compelled to Pay Discounts? To the lender, discounts are a method of increasing the earnings of an investment. To the seller of a house who is asked to pay discounts as a condition to arrangement of FHA financing terms for the buyer of his house, discounts are an expense of selling the house. Sellers may have a number of choices open as substitutes for a particular discount. Sellers should "shop competitively" with different *165 lenders whenever possible, looking for the best price and terms that are available in their locality. Discounts vary from time to time, from one lender to another, and from one locality to another. Depending on the discount terms offered (with due regard to other aspects of a prospective sales transaction such as price, speed of sale, time of closing, etc.), a seller may choose other courses of action rather than pay the discounts. Alternatives might be to seek better terms from competing lenders; arrange financing on conventional terms without FHA insurance (perhaps at a higher interest rate); a seller could sell the property with an outstanding first mortgage and perhaps accept a second mortgage for payment of part of the purchase price (without FHA insurance); ask a lender to arrange for sale of the mortgage to the Federal National Mortgage Association, perhaps at more favorable discount terms; or defer sale of the property until money market conditions are more favorable. The only income reported on petitioner's 1962 income tax return was wages received from Lockheed Ga. Co., Marietta, Georgia. Petitioner itemized deductions on his 1962 income tax return and under interest *166 expenses claimed the following: Mortgage, Investors Diversified Serv-
ices
$179.71
Note, RMR Enterprises
200.00
Home Loan, Tharpe & Brooks, Inc.
423.50
Total interest
$803.21
Respondent in his notice of deficiency disallowed the deductions of interest to the extent of $423.50 claimed as paid to Tharpe & Brooks, Inc. with the explanation that this amount was not interest but represented a 3 1/2 percent discount required to be paid by seller in order to secure an FHA loan when he sold his home. Section 163(a) of the Internal Revenue Code of 1954 provides that there shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness. Respondent in the instant case argued that the payment made by petitioner was not a payment of interest and was not on his own indebtedness and therefore was not deductible under the provisions of section 163(a). We do not deem it necessary to discuss whether a loan discount is in fact interest even though not so denominated since we agree with respondent that the amount here paid was not on petitioner's indebtedness and therefore not deductible by petitioner. The money *167 here was borrowed by the purchaser of petitioner's house and not by petitioner. The indebtedness was the indebtedness of the purchaser and the money was used for the purchaser's benefit in paying for this house. Petitioner received no benefit from the loan as distinguished from receiving payment for his house from whatever source the purchaser had available with which to make the payment. Petitioner's action in paying the loan discount was voluntary since there is nothing in the record to indicate that petitioner was compelled to sell the house or to sell it to a purchaser who obtained a Federal Housing Administration insured loan. In Chester A. Sheppard, 37 B.T.A. 279 (1938) we stated at pages 281 to 282 as follows: The statutory provision allowing deduction for interest on indebtedness means interest on an obligation of the taxpayer claiming it; payments made on obligations of others do not meet the statutory requirement. These fundamentals have often been stated. * * * See also Kate Baker Sherman, 18 T.C. 746, 753 and 754 (1952) and Guardian Investment Corporation v. Phinney, 253 F. 2d 326 (C.A. 5, 1958), particularly footnotes 7, 8 *168 and 9 at page 332. Respondent argues that the discount paid by petitioner was an expense of selling his house as stated in the Federal Housing Administration explanatory documents. However, since no income was reported by petitioner from the sale of his house in the year 1962, we have no issue here in this regard. Decision will be entered for respondent.